**SEALED**

FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

2004 JUL -6  P 4:50

RALPH L. DELOACH
CLERK
BY B.[illegible], DEPUTY
AT TOPEKA, KS.

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

vs.                             Civil Case No. 02-3202-SAC
                              Criminal Case No. 01-40033-02-SAC

JENNIFER C. MULAY,

        Defendant/Movant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion to vacate and correct sentence under 28 U.S.C. § 2255 arguing an involuntary plea to a drug trafficking count and ineffective assistance of trial counsel because she received a sentence longer than anticipated due to a firearm enhancement. (Dk. 79). The government has filed a response opposing the defendant's motion, (Dk. 81), and the defendant has filed her reply (Dk. 82). Having reviewed the matters asserted and the governing law, the court issues the following as its decision on the defendant's motion.

**PROCEDURAL HISTORY**

In May of 2001, the grand jury returned a nine-count indictment against the defendant Jennifer Mulay, and her husband, Joseph Mulay. Counts one

through eight were drug trafficking charges, and count nine charged possession of a firearm in furtherance of a drug trafficking crime. Later that same month, the defendant and the government entered into a plea agreement that resulted in the defendant's plea to count one which charged her with conspiracy to distribute in excess of 50 grams of cocaine base between January 31, 2000, and May 2, 2001. The written plea agreement filed with the court included the following term: "The defendant agrees to stipulate to the two-level enhancement under Section 2D1.1(b)(1) of the United States Sentencing Guidelines (U.S.S.G.) for the possession of a firearm during the commission of the drug offenses that occurred on or about May 2, 2001." (Dk. 25). On February 14, 2002, the court sentenced the defendant to a term of imprisonment of 84 months. There was no appeal filed from the defendant's conviction or sentence.

**ARGUMENTS**

In her initial motion, the defendant Jennifer Mulay argues two points for relief under § 2255. First, her plea was involuntary and unlawfully induced by representations from her counsel that she would be sentenced to five years of imprisonment and that her sentence would be reduced by one year after she participated in the prison's drug treatment program. The defendant says she did not understand at the time of her plea that the sentencing enhancement for possessing a

firearm could still be applied after the government dismissed count nine that charged her with possession of a firearm in relation to a drug trafficking crime. The defendant alleges she did not understand that she had agreed to the firearm enhancement in her plea bargaining agreement until she saw her presentence report. The defendant complains that the firearm enhancement resulted in a sentence longer than five years and disqualified her from participating in the prison's drug treatment program and that she did not know these would be consequences from her plea agreement. The defendant's second argument in her motion is the general allegation that her trial counsel was ineffective.

After the government filed its response opposing the defendant's motion, Ms. Mulay filed a reply brief in which she explains that she is not denying her guilt nor is seeking to withdraw from the plea agreement. She blames her lack of knowledge for misunderstanding the mixed results from the government's dismissal of the firearm count and her agreement to the firearm enhancement. She further asks the court to reconsider her sentence and remove the firearm enhancement so that she may participate in the residential drug abuse program offered at the federal prison camp in Phoenix, Arizona.

## GENERAL § 2255 STANDARDS

A district court may grant relief under § 2255 if it determines that "the

judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. "Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (citation omitted). When a petitioner "fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error, or a fundamental miscarriage of justice if the claim is not considered." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996); *see also United States v. Frady*, 456 U.S. 152, 167-68 (1982). "A defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995) (citation omitted). Put another way, "[a]n attorney's error provides cause to excuse a procedural default only if the error amounts to constitutionally ineffective assistance of counsel." *Rogers v. United States*, 91 F.3d 1388, 1391 (10th Cir. 1996) (citations omitted), *cert. denied*, 519 U.S. 1134 (1997).

The court must hold an evidentiary hearing on a § 2255 motion "unless

the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *United States v. Galloway*, 56 F.3d 1239, 1240 n. 1 (10th Cir. 1995). The burden is with the defendant to allege facts which, if proven, would entitle him or her to relief. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir.1995), *cert. denied*, 517 U.S. 1235 (1996). "[T]he allegations must be specific and particularized, not general or conclusory." *Id.* The court finds that a hearing on the defendant's motion is not necessary because the materials already in the record conclusively show that the defendant is not entitled to relief on her claims.

## INEFFECTIVE ASSISTANCE OF COUNSEL

"An indigent defendant in a criminal trial has the constitutional right to the assistance of counsel." *Baker v. Kaiser*, 929 F.2d 1495, 1498 (10th Cir. 1991) (citing *Gideon v. Wainwright*, 372 U.S. 335 (1963)). To establish a claim for ineffective assistance of counsel, a defendant must show (1) that his counsel's performance fell below the constitutional minimum guaranteed by the Sixth Amendment, that is, "an objective standard of reasonableness," and (2) that his counsel's errors prejudiced him, that is, "were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984); *see also Hill v. Lockhart*, 474 U.S. 52, 58 (1985) ("We hold,

therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel.") To show deficient performance, the defendant must show that his counsel's performance was "completely unreasonable, not merely wrong." *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir.), *cert. denied*, 522 U.S. 844 (1997). To show prejudice, the defendant must establish that, but for counsel's unprofessional errors, there was a reasonable probability that the outcome of his conviction and/or sentencing would have been different. *Id.* at 1245; *see Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The Supreme Court recognizes that:

> There is a strong presumption that counsel's performance falls within the wide range of professional assistance, (citation omitted); the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. (citation omitted). The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential. (citation omitted).

*Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). A court can jump to the prejudice prong without first determining whether counsel's performance was deficient:

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the

alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Strickland*, 466 U.S. at 697.

## ANALYSIS AND CONCLUSION

Because Ms. Mulay pled guilty and took no direct appeal, the court first must decide if she can demonstrate the cause and prejudice or fundamental miscarriage of justice required to overcome the procedural bar for defaulted claims. If she cannot overcome the procedural bar, then the court may not reach the merits of the claim that her plea was unknowing and involuntary. *United States v. Frady*, 456 U.S. 152, 165 (1982). As stated above, a meritorious claim of ineffective assistance of counsel constitutes cause and prejudice that overcomes the procedural bar.

The defendant asserts her trial counsel was ineffective. The Tenth Circuit looks to the standard in *Hill v. Lockhart* for deciding when a guilty plea is invalid because of ineffective assistance of counsel:

> The Court held that a prisoner challenging a guilty plea because of ineffective assistance satisfies the prejudice inquiry by showing that the constitutionally ineffective performance "affected the outcome of *the plea process*. In other words . . . that there is a reasonable probability that, but for counsel's errors, *he would not have pleaded guilty* and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (emphasis added). However, the Court went on to note

that courts applying this standard will often review the strength of the prosecutor's case as the best evidence of whether a defendant in fact would have changed his plea and insisted on going to trial. *See id.* at 59-60.

*Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001), *cert. denied*, 534 U.S. 1140 (2002). From the law established in *Hill*, the Tenth Circuit has fashioned the following rules of procedure:

> This court has therefore held that a petitioner's "mere allegation" that he would have insisted on trial but for his counsel's errors, although necessary, is ultimately insufficient to entitle him to relief. *See United States v. Gordon*, 4 F.3d 1567, 1571 (10th Cir. 1993). Rather, we look to the factual circumstances surrounding the plea to determine whether the petitioner would have proceeded to trial. *See id,*; *United States v. Wright*, 43 F.3d at 491, 498 (10th Cir. 1994); *Lasiter v. Thomas*, 89 F.3d 699, 703-04 (10th Cir. 1996).

*Miller*, 262 F.3d at 1072. Besides this prejudice prong, the defendant must prove also that the advice of his counsel "was not within the range of competence demanded of attorneys in criminal cases." *United States v. Carr*, 80 F.3d 413, 416 (10th Cir. 1996) (citation omitted). Specifically, "a plea may be involuntary if the attorney materially misinforms the defendant of the consequences of the plea." *Id.* at 418 (quotation omitted).

The defendant has not come forth with any proof of prejudice in this case. There is nothing in the movant's filings from which to infer a reasonable probability that, but for counsel's errors, the defendant would not have pleaded

guilty and would have insisted on going to trial. Rather, the defendant in her reply brief even goes so far as saying she does not want to withdraw from the plea agreement and simply asks the court to reconsider imposing a firearm enhancement. The court is convinced that the defendant is unable to show that her attorney made a firm and reckless promise as to a specific sentence on which she relied in choosing to waive her right to trial.

Besides prejudice, the record does not support any likelihood of the defendant being able to prove a legal performance so deficient as to constitute ineffective assistance of counsel. The defendant's allegations do not show that her counsel made a firm and reckless assurance or guarantee as to a particular sentence that she would receive. *See McMann v. Richardson*, 397 U.S. 759, 770 (1970) ("Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts. That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing."); *United States v. Rhodes*, 913 F.2d 839, 843 (10th Cir. 1990) ("Although an attorney's unfair representation of probable leniency may be found coercive, an erroneous estimate of sentence does not render the plea involuntary." (citation omitted), *cert.*

*denied*, 498 U.S. 1122 (1991); *Wellnitz v. Page*, 420 F.2d 935, 936 (10th Cir. 1970) ("[I]f an attorney recklessly promises his client that a specific sentence will follow upon a guilty plea," there may be an issue of coerciveness. "An erroneous sentence estimate by defense counsel does not render a plea involuntary."). At most, the defendant has alleged merely an inaccurate estimate by her trial counsel rather than any material misinformation. The court finds no legal or factual basis for finding that her counsel's representation fell below an objective standard of reasonableness.

Nor does the record in this case support the defendant's allegations of an involuntary plea or ineffective assistance of counsel. Instead, the defendant's statements under oath at the time of her plea directly refute her allegations about her counsel's representations. At the change of plea hearing, the government summarized the terms of the written plea agreement expressly mentioning the defendant's stipulation to the two-point firearm enhancement. The defendant told the court that she had the opportunity to read the plea agreement, that she understood it, and that her understanding of the plea agreement was consistent with the significant terms as stated by the government. The defendant also said that no one had made any other or different promises than those set forth in the plea agreement. The defendant told the court that she was entering her plea voluntarily and freely. The defendant also represented to the court that no one had promised or

predicted what sentence would be imposed. Considering the defendant's sworn statements at the time of her plea, her current unsworn allegations are self-serving and not supported by any credible evidence. Indeed, the court accepts the truth and accuracy of Ms. Mulay's sworn statements at the change of plea hearing as "conclusive in the absence of a believable reason justifying" their rejection. *United States v. Bambulas*, 571 F.2d 525, 526 (10th Cir. 1978). There are no believable reasons here for rejecting those sworn statements.

As for any other claims of ineffective assistance of trial counsel, the plaintiff has not come forth with specific allegations or proof as would require additional consideration. The court does not presume ineffective assistance from the allegation that counsel refused the defendant's unspecified requests. There is a strong presumption that counsel provided effective assistance of counsel, and the defendant has the burden of proof to overcome that presumption. *United States v. Cronic*, 466 U.S. 648, 658 (1984). During the plea proceeding, the defendant readily admitted that she was "satisfied with the services of" her attorney. Moreover, the record suggests that defendant's counsel ably secured a plea agreement that was extremely favorable.

Finally, the defendant's reply brief simply asks the court to reconsider the firearm enhancement and modify her sentence accordingly. "[A] district court is

11

authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Section 3582(c) of Title 18 "provides three avenues through which the may 'modify a term of imprisonment once it has been imposed.'" *Id.* (quoting 18 U.S.C. § 3582(c)). The defendant has not argued any basis that falls within those three avenues. *See United States v. Smith*, 2002 WL 31928485, at *1-*2 (D. Kan. Dec. 13, 2002) (the three avenues are (1) upon motion by Director of Bureau of Prisons for extraordinary and compelling circumstances; (2) upon a modification expressly permitted by statute or Rule 35; (3) upon a subsequent lowering of a guideline sentencing range). The court is without jurisdiction to reconsider the defendant's sentence and modify it as requested.

IT IS THEREFORE ORDERED that defendant's motion to vacate and correct sentence under 28 U.S.C. § 2255 (Dk. 79) is denied.

Dated this 6th day of July, 2004, Topeka, Kansas.

_____
Sam A. Crow, U.S. District Senior Judge